FINN *et al. v.* LIFSEY.

No. 6951.   DECEMBER 16, 1929.

*C. C. Crockett, John S. Adams,* and *Thomas W. Hardwick,* for plaintiffs in error.

*John R. L. Smith,* and *M. H. Blackshear,* contra.

HILL, J. The facts are fully set out in the foregoing statement. It appears that G. H. Williams & Company executed a bond for title to L. A. Wood, reciting an agreement to sell 500 acres of land, of which the 150 acres in controversy was a part. In the bond for title it was stipulated: "purchaser to pay all taxes." The bond for title was transferred to successive purchasers. One of the purchasers, Eubanks, failed to pay his taxes, and an execution was issued against him, and the 150 acres of land was sold under the execution. Subsequently the obligors in the bond for title executed to the plaintiff, C. L. Lifsey, a warranty deed to the entire 500 acres of land; and the question arises, under the facts in the record, whether the warrantors are bound for the value of the 150 acres of land sold for taxes.

In 27 R. C. L. 514, § 241, it is said: "Under the general law of contracts, if the act of the obligee is the cause of non-performance it will discharge the obligor from the duty to perform. . . If it is the duty of a purchaser who is let into possession to pay taxes levied on the land, his omission to do so, and a consequent sale of the land for taxes before the time for making the conveyance arises, do not affect his liability for the purchase-money, as the loss or cloud on the title is attributable to his own fault for which the vendor is in no way responsible." And see Bradford v. Union Bank, 13 How. 57 (14 L. ed. 50). In 15 C. J. 1273, § 116, it is said: "It has been held that taxes assessed after a contract of sale, which the purchaser permits to remain unpaid, do not constitute an encumbrance done or suffered by the vendor under the covenant implied from the statutory form of deed." On p. 1239, § 50 b, it is said: "A covenant of general warranty relates only to the title, and, as a general rule, only to the title as it existed at the time the conveyance was made." See Stevenson v. Loehr, 57 Ill. 509 (11 Am. R. 36).

Under the facts of this case, Civil Code § 4195 which provides that "A general warranty of title in a deed, against the claims of all persons, covers defects in the title, though known to the purchaser at the time of taking the deed," does not apply. We are of the opinion that the decision of the Court of Appeals was erroneous.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Atkinson, J., dissenting.*